UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILDA VERSALES,<br><br>        Plaintiff,<br><br>    v.<br><br>AI COIN, INC.,<br><br>        Defendant. | Case No. 24-cv-04044-JSC<br><br>**ORDER RE: MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 36 |

Now pending before the Court is RIMÔN, P.C. and Ivan L. Tjoe's motion to withdraw as counsel for Defendant Ai Coin Inc. (Dkt. No. 36.) Having carefully reviewed the submissions, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), vacates the July 17, 2025 hearing, and GRANTS the motion. Defendant remains represented by John Lane of Gunner Cooke, who—if he remains Defendant's counsel of record in this action—must retain substitute local co-counsel by August 29, 2025.

**BACKGROUND**

Mr. Tjoe is a partner at RIMÔN. (Dkt. No. 36-1 ¶ 1.) In July 2024, Mr. Lane of Gunner Cooke—representing Defendant in this matter—contacted Mr. Tjoe about acting as "local counsel for initial filings and local practice guide." (*Id.* ¶ 2.) In August 2024, Mr. Cooke "secured and forwarded a signature for RIMÔN to its engagement agreement with Defendant." (*Id.*) Consistent with that agreement, RIMÔN sent Defendant invoices on approximately November 5, 2024, December 5, 2024, and January 6, 2025. (*Id.* ¶¶ 3-4.) RIMÔN sent a final invoice on January 23, 2025. (*Id.* ¶ 4.) Defendant has not paid any of the invoices. (*Id.* ¶ 3.) Under the fee agreement,

RIMÔN may terminate its engagement for lack of timely payment of its invoices.[1]  (*Id.*)

On June 9, 2025, RIMÔN advised Defendant it "needed to withdraw immediately as counsel of record herein for its consistent refusal to pay RIMÔN's invoices." (*Id.* ¶ 7.)  RIMÔN also communicated its intent to withdraw to Mr. Lane, who "confirmed that he does not oppose this motion to withdraw but may have to also move to withdraw as counsel." (*Id.* ¶ 8.)

### DISCUSSION

Civil Local Rule 11-5(a) provides "[c]ounsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." "In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California." *Russell v. Maman*, No. 18-CV-06691-RS, 2020 WL 13534011, at *1 (N.D. Cal. Mar. 16, 2020). "Ultimately, the decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court." *Id.* (cleaned up).

RIMÔN seeks to withdraw on "the grounds that Defendant has not paid any fees due to RIMÔN beyond a de minimis retainer required as part the engagement agreement and RIMÔN has not received any assurances from Defendant that such fees will ever be paid." (Dkt. No. 36 at 2.) The California Rules of Professional Conduct permit an attorney to withdraw from representation if a client "breaches an agreement or obligation to the member as to expenses or fees." Rule 3-700(C)(1)(f). Here, Defendant breached its agreement with RIMÔN requiring "timely payment of [RIMÔN's] invoices." (Dkt. No. 36-1 ¶ 3.) That is, RIMÔN sent invoices in November and December 2024 and January 2025, which Defendant has not paid. (*Id.* ¶ 4.) Nor has Defendant disputed the invoices, which are "deemed accurate, fair and reasonable within 15 days from receipt." (*Id.* ¶ 3.) The only payment RIMÔN received from Defendant was "an initial de minimis retainer" transmitted by Gunner Cooke, which has been exhausted. (*Id.* ¶ 4.)

---

[1] Although Mr. Tjoe's declaration states "RIMÔN may terminate its engagement for timely payment of its invoices," (Dkt. No. 36-1 ¶ 3), the Court understands Mr. Tjoe to mean—as stated in the motion to withdraw—that RIMÔN may terminate its engagement for "*lack of* timely payment of its invoices."  (Dkt. No. 36 at 3 (emphasis added).)

1   Consistent with California Rule of Professional Conduct 3-700(A), RIMÔN "has taken
2   reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client," including
3   notifying Defendant of its intent to withdraw and notifying Defendant that as a corporate entity, it
4   cannot "represent itself in the event that [Mr. Lane] also need[s] to withdraw as counsel of
5   record." (Dkt. No. 36-1 ¶ 7.) Moreover, because RIMÔN was not "involved in any matters of
6   substance" in this matter, any prejudice from RIMÔN's withdrawal is minimal. (*Id.* ¶ 5.) Because
7   Defendant breached its fee agreement with RIMÔN, and because the California Rules of
8   Professional Conduct permit withdrawal for such breach, the Court GRANTS the motion of
9   RIMÔN and Mr. Tjoe to withdraw as counsel for Defendant.

10   Defendant, as a corporation, "may appear in the federal courts only through licensed
11   counsel." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194,
12   202 (1993). Defendant remains represented by Mr. Lane of Gunner Cooke, so Defendant need not
13   secure substitute counsel at this time. That said, unless Mr. Lane moves to withdraw as
14   Defendant's counsel of record, Mr. Lane must retain substitute local co-counsel. Mr. Lane, a
15   member of the New York bar, applied to appear pro hac vice in this action. (Dkt. No. 25.) His
16   application listed Mr. Tjoe as local co-counsel. *See* N.D. Cal. Civ. L.R. 11-3(a)(2) (an applicant
17   applying to appear pro hac vice must submit an oath certifying "[t]hat an attorney, identified by
18   name and office address, who is a member of the bar of this Court in good standing and who
19   maintains an office within the State of California, is designated as co-counsel."). With RIMÔN's
20   withdrawal from this action, Mr. Lane no longer has local co-counsel as required by this District's
21   Civil Local Rules. The Court grants Mr. Lane 50 days to retain new local co-counsel.

22   There is a further CMC in this case on September 3, 2025. (Dkt. No. 38.) If, on
23   September 3, 2025, Mr. Lane remains Defendant's attorney and local counsel has not made an
24   appearance, Mr. Lane should be prepared to address revocation of his pro hac vice status in this
25   matter.

## CONCLUSION

27   The Court GRANTS RIMÔN and Mr. Tjoe's motion to withdraw as counsel for
28   Defendant. Defendant remains represented by Mr. Lane of Gunner Cooke. Mr. Lane must retain

3

local co-counsel by August 29, 2025 if he remains Defendant's counsel of record.

This Order disposes of Docket No. 36.

**IT IS SO ORDERED.**

Dated: July 10, 2025

                                             JACQUELINE SCOTT CORLEY
                                             United States District Judge